## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH GRILLO, *pro se* | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 2020-CV-0417-JJM-PAS |
| | : | (R.I. Superior Court C.A. PC-2020-5326) |
| ERIC LYNN ANDRIST, | : | |
| | : | |
| Defendant | : | |

### ANSWER, COUNTERCLAIM AND DEMAND FOR JURY TRIAL
### OF DEFENDANT ERIC LYNN ANDRIST

Defendant Eric Lynn Andrist answers the Complaint filed in this action as follows:

### General Averments

1.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.      Admitted.

3.      Admitted that Defendant maintained a blog that was taken down by the platform operator.  Defendant lacks sufficient information to admit or deny the reasons why the blog was taken down.

4.      Admitted.

5.      Denied.

6.      Admitted that the blog contained posts of various kinds of misconduct by physicians that may be a concern to patients.

7.      Admitted that the blog was called the "bad doctors database."  Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      Admitted that Defendant is a patient advocate.  Defendant neither admits nor denies the remaining allegations in Paragraph 8 of the Complaint as they amount to pointed argument and characterizing rhetoric rather than a recitation of allegations to admit or deny.

9.      Denied that Defendant is "trolling."  Defendant neither admits nor denies the remaining allegations in Paragraph 9 of the Complaint as they amount to pointed argument and characterizing rhetoric rather than a recitation of allegations to admit or deny.

10.     Denied that Defendant is "trolling."  Defendant neither admits nor denies the remaining allegations in Paragraph 10 of the Complaint as they amount to pointed argument and characterizing rhetoric rather than a recitation of allegations to admit or deny.

11.     Defendant admits occasionally providing some information about listed doctors but denies adding commentary in the case of the post regarding Plaintiff.

12.     Denied.

13.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 concerning the types of wrongdoing catalogued in the blog. Defendant neither admits nor denies the remaining allegations in Paragraph 13 of the Complaint as they amount to pointed argument and characterizing rhetoric rather than a recitation of allegations to admit or deny.

14.     Denied.

15.     Defendant neither admits nor denies the allegations in Paragraph 15 of the Complaint as they amount to pointed argument and characterizing rhetoric (such as the definition of the word "bad") rather than a recitation of allegations to admit or deny.

16.     Defendant lacks sufficient information to admit or deny the truth of the allegations set forth in Paragraph 16 of the Complaint.  With that said, Defendant notes that as of the time of filing this documents, the news report of which Plaintiff complains remains posted on websites of the Daily Mail and ABC6:

17.     Admitted that Plaintiff asked Defendant to remove Plaintiff's name from the website and that Plaintiff's name was removed for four months.  Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant lacks sufficient information to gauge Plaintiff's motivations and therefore does not admit nor deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies that the blog contained false information or that its title is the cause of harm to listed physicians beyond the information about them it contains.

20.     Denied.

21.     Denied.

22.     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 22 concerning Plaintiff's education and reputation.  Defendant denies that the blog posts he has maintained has harmed Plaintiff's reputation.

3

23.     Denied.

Jurisdiction

24.     Paragraph 24 of the Complaint is a statement of the law that Defendant neither admits nor denies.

25.     Paragraph 25 of the Complaint is a statement of the law that Defendant neither admits nor denies.

26.     Paragraph 26 of the Complaint is a statement of the law that Defendant neither admits nor denies.

27.     Paragraph 27 of the Complaint is a statement of the law that Defendant neither admits nor denies.

28.     Paragraph 28 of the Complaint is a statement of the law that Defendant neither admits nor denies.

29.     Paragraph 29 of the Complaint is a statement of the law that Defendant neither admits nor denies.

30.     Paragraph 30 of the Complaint is a statement of the law that Defendant neither admits nor denies.

31.     Denied.

32.     Defendant admits listing the eight physicians cited in Paragraph 31 of the Complaint, but denies the remaining allegations.

33.     Defendant admits that his blog listed Rhode Island physicians as part of a national database that was transferred to the Patient Safety League.  Defendant neither admits nor denies the remaining allegations in Paragraph 33 of the Complaint as

4

they amount to pointed argument and characterizing rhetoric rather than a simple recitation of specific allegations to admit or deny.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

<u>Count I – Intentional Infliction of Emotional Distress</u>

39.     Defendant incorporates by reference his responses to paragraphs 1 through 33 of the Complaint as set forth above.

40.     Paragraph 40 of the Complaint states a legal argument that Defendant neither admits nor denies.

41.     Paragraph 41 of the Complaint states a legal argument that Defendant neither admits nor denies.

42.     Paragraph 42 of the Complaint states a legal argument that Defendant neither admits nor denies.

43.     Paragraph 43 of the Complaint states a legal argument that Defendant neither admits nor denies.

44.     Paragraph 40 of the Complaint states a legal argument that Defendant neither admits nor denies.

45.     Denied, because Defendant did not provide any "commentary" with respect to Plaintiff's conduct.

46. Defendant neither admits nor denies the rhetorical statement in Paragraph 46 of the Complaint which also is ambiguous.

47. Denied.

48. Denied.

49. Denied that Defendant engaged in malicious attacks. Defendant neither admits nor denies the remaining allegations in Paragraph 49 of the Complaint as they amount to pointed argument and characterizing rhetoric (such as the definition of the word "bad") rather than a recitation of allegations to admit or deny.

50. Denied.

51. Admitted that Defendant is a notary and that he is an advocate for patient safety. Defendant denies the remaining allegations in paragraph 51 of the Complaint to the extent that they constitute allegations to admit or deny rather than rhetoric.

52. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 53 of the Complaint.

53. Defendant admits submitting a factual complaint to the Board of Medical Licensure, but denies the remaining allegations in paragraph 53 of the Complaint to the extent that they constitute allegations to admit or deny rather than rhetoric.

54. Defendant admits contacting the Providence Journal and the Board of Medical Licensure with factual, good faith concerns about Plaintiff's fitness to practice medicine, but denies the remaining allegations in paragraph 54 of the Complaint to the extent that they constitute allegations to admit or deny rather than rhetoric.

55. Defendant admits contacting law enforcement to state fact-based good faith concerns about Plaintiff's fitness to practice medicine, but otherwise denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 56 of the Complaint concerning the details of Plaintiff's medical or professional history. Defendant denies that he has acted in bad faith and/or that he has personal authority to make licensing decisions.

57. Defendant denies that the quotations in Paragraph 57 of the Complaint are presented within an accurate context, and are misleading absent that context.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint to the extent that they constitute allegations to admit or deny rather than rhetoric.

59. Denied.

60. Denied.


Count II: Intentional Interference With Prospective Advantages

61. Defendant incorporates his responses to the allegations set forth in Paragraphs 1-53 of the Complaint.

62. Paragraph 62 consists of a legal statement that Defendant neither admits nor denies.

63. Paragraph 63 consists of a legal statement that Defendant neither admits nor denies.

64.     Paragraph 64 consists of a legal statement that Defendant neither admits nor denies.

65.     Defendant admits having published his blog on Tumblr, and that he submitted material published on the Patient Safety League website. Defendant denies the remaining allegations set forth in Paragraph 65 of the Complaint.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Plaintiff lacks sufficient information to admit or deny the allegations set forth in Paragraph 69 of the Complaint concerning Plaintiffs credentials and search for employment.

70.     Denied.


Count III – Invasion of Privacy Based on False Light

56.     (Second)     Defendant incorporates his responses to the allegations set forth in Paragraphs 1-24 of the Complaint.

57.     (Second)     Paragraph 57 (Second) of the Complaint consists of a legal statement that Defendant neither admits nor denies.

58.     (Second)     Paragraph 58 (Second) of the Complaint consists of a legal statement that Defendant neither admits nor denies.

59.     (Second)     Plaintiff lacks sufficient information to admit or deny the allegations set forth in Paragraph 59 (Second) of the Complaint.

60.   (Second)   Denied.

61.   (Second)   Denied.


Count IV – Defamation

62.   (Second)   Defendant incorporates his responses to the allegations set forth in

Paragraphs 1-24 of the Complaint.

63.   (Second)   Denied.

64.   (Second)   Defendant neither admits nor denies Paragraph 64 (Second) of the

Complaint because does not contain a factual allegation, but

instead consists of rhetoric.

65.   (Second)   Paragraph 65 (Second) of the Complaint consists of a legal

statement that Defendant neither admits nor denies.

66.   (Second)   Paragraph 66 (Second) of the Complaint consists of a legal

statement that Defendant neither admits nor denies.

67.   (Second)   Paragraph 67 (Second) of the Complaint consists of a legal

statement that Defendant neither admits nor denies.

68.   (Second)   Denied.

69.   (Second)   Denied.

70.   (Second)   Denied.

71.   Defendant lacks sufficient information to admit or deny the allegations in

Paragraph 71 of the Complaint.

72.   Denied.

<u>Count V – Violation of Title III of the Americans With Disabilities Act</u>

73.    Paragraph 73 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

74.    Paragraph 74 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

75.    Paragraph 75 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

76.    Paragraph 76 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

77.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 77 of the Complaint.

78.    Defendant denies that a website qualifies for coverage as a "place of public accommodation" under the Americans With Disabilities Act.

79.    Paragraph 79 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

80.    Paragraph 80 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

81.    Denied.

82.    Paragraph 82 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied

Prayer for Relief

87.    Paragraph 87 of the Complaint consists of a legal statement that Defendant neither

admits nor denies.

88.    Paragraph 88 of the Complaint consists of a legal statement that Defendant neither

admits nor denies.

89.    Paragraph 89 of the Complaint consists of a prayer for relief rather than an

allegation for Defendant to admit or deny.  With that said, Defendant denies that

Plaintiff is entitled to the relief sought in Paragraph 89 of the Complaint.

90.    Paragraph 90 of the Complaint consists of a legal statement that Defendant neither

admits nor denies.

91.    Paragraph 91 of the Complaint contains a statement of the law that Defendant

neither admits nor denies.

92.    Denied; however, Defendant notes that the Patient Safety League is not a party to

this case.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.     Denied.

99.     Paragraph 99 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 99 of the Complaint.

**Damage Award**

100.     Paragraph 100 of the Complaint consists of a legal statement that Defendant neither admits nor denies.

101.     Paragraph 101 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 89 of the Complaint.

102.     Paragraph 102 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 102 of the Complaint.

103.     Paragraph 103 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 103 of the Complaint.

104.     Paragraph 104 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 104 of the Complaint.

105.   Paragraph 105 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 105 of the Complaint.

106.   Paragraph 106 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 106 of the Complaint.

107.   Paragraph 107 of the Complaint consists of a prayer for relief rather than an allegation for Defendant to admit or deny.  With that said, Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 107 of the Complaint.

Affirmative Defenses

FIRST AFFIRMATIVE DEFENSE

Defendant is conditionally immune from suit pursuant to R.I.G.L. §9-33-2.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of assumption of the risk.

THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state one or more claims for which relief can be granted by this Honorable Court.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom Defendant had no control or right of control.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

To the extent that any injury or damage to Plaintiff was compensated by any collateral sources, then Plaintiff's recovery is barred or reduced.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part because of a failure to mitigate damages.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to add additional defenses as may arise from discovery or for other reasons.

WHEREFORE, Defendant respectfully requests this Court:

1.  Enter judgment in favor of Defendant on all of the claims set forth in the Complaint;

2.  Award Defendant the costs and expenses of this action, including reasonable attorneys' fees and expenses;

3.  Award Defendant compensatory damages pursuant to R.I.G.L. §9-33-2(d);

4.  If warranted, award Defendant punitive damages pursuant to R.I.G.L. §9-33-2(d); and

5.  Grant such other and further relief as this Court deems just and equitable.

<u>JURY DEMAND</u>

Defendant demands a jury trial on all claims that are triable.

## COUNTERCLAIM

1.     Defendant/Counterclaim Plaintiff Eric Andrist ("Mr. Andrist") is a resident of
California.

2.     Plaintiff/Counterclaim Defendant Joseph Grillo ("Dr. Grillo") is a resident of
Barrington, Rhode Island and a physician.

3.     Mr. Andrist has posted online, on various platforms, a database of information
about physicians and disciplinary action taken against physicians by medical
licensing boards.

4.     The database included more than 800 physicians in 2015 and approximately 1,600
physicians in 2018.

5.     Beginning in 2014, Mr. Andrist posted online information about Dr. Grillo.

6.     The information Mr. Andrist posted about Dr. Grillo consisted of accurate copies
of published news reports, links to published news reports and links to decisions
by the Rhode Island Board of Medical Licensure concerning Dr. Grillo.

7.     Beginning in February, 2020, Dr. Grillo communicated with Mr. Andrist,
requesting that the online postings concerning him be removed.

8.     At that point in time, Dr. Grillo was not practicing medicine after having
voluntarily surrendered his license in 2015.

9.     As part of his communications to persuade Mr. Andrist to remove the postings,
Dr. Grillo warned Mr. Andrist he could be sued.

10.     As part of his communications to persuade Mr. Andrist to remove the postings,
Dr. Grillo shared with Mr. Andrist a website Dr. Grillo had commissioned that:

    a.       described his plan to sue Mr. Andrist in multiple jurisdictions because of his posting of physician information;

    b.       recruited other physicians who were the subject of similar posts to sue Mr. Andrist;

    c.       offered legal assistance to other doctors who agreed to sue Mr. Andrist and

    d.       included personal attacks on Mr. Andrist, including statements that Mr. Andrist believed to be references to homophobic stereotypes.

11.    Dr. Grillo has subsequently taken down the retaliatory website.

12.    Mr. Andrist believed that Dr. Grillo's threats and attacks, when combined with Dr. Grillo's previous disciplinary record, raised serious questions about Dr. Grillo's fitness to practice medicine.

13.    Mr. Andrist learned that Dr. Grillo was applying to the Board of Medical Licensure to reinstate his license to practice medicine.

14.    On or around July 15, 2020, Mr. Andrist filed a complaint with the Board of Medical Licensure, urging it not to reinstate Dr. Grillo's license.

15.    The complaint was fact-based.

16.    Mr. Andrist submitted the complaint because he believes that Dr. Grillo is not fit to practice medicine based on Dr. Grillo's prior disciplinary record and Dr. Grillo's interactions with Plaintiff.

17.    Dr. Grillo has now sued Andrist in this lawsuit.

18.    Mr. Andrist has a right to free speech under the First Amendment to the United States Constitution.

19.  This lawsuit constitutes a strategic lawsuit against public participation, filed for the purpose of forcing Mr. Andrist to take down the online postings concerning Dr. Grillo.

20.  The postings in question were, and remain accurate and factual.

21.  The postings are a matter of public concern, as they relate to the mission of the Board of Medical Licensure's mission to ensure the safety of patients who obtain medical treatment.

22.  Mr. Andrist published the information concerning Dr. Grillo with the intent of informing the community on a matter of public concern.

23.  Mr. Andrist qualifies for conditional immunity under R.I.G.L. §9-33-2.


WHEREFORE, Defendant/Counterclaim Plaintiff Eric Andrist demands judgment against Plaintiff Counterclaim Defendant Joseph Grillo for compensatory damages, punitive damages, costs and attorney's fees pursuant to R.I.G.L. §9-33-2(d).

Respectfully submitted,

Defendant Eric Lynn Andrist

By his attorney,


/s/ Samuel D. Zurier
Samuel D. Zurier (#3576)
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 861-0200; (401) 861-2922 (fax)
sdz@zurierlaw.com

September 25, 2020

17

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 25th day of September, 2020, I served a copy of this Answer and Counterclaim through the Court's CM/ECF system and by first class mail, postage prepaid, upon Plaintiff at the following address:

Joseph Grillo
73 Primrose Hill Road
Barrington, RI 02806

<u>/s/ Samuel D. Zurier</u>

U:\Andrist\Drafts\Answer to File 2.wpd